UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Shirley A. Scott,

    Plaintiff,

v.                                                                       Case No. 15-10921

City of Detroit,                                                Sean F. Cox
                                                                United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER

Plaintiff previously worked for the City of Detroit. After she retired, she submitted job applications for three positions but was not hired. She then filed this action against the City, asserting federal-question jurisdiction. Plaintiff's Amended Complaint is the operative complaint and it asserts claims under Title VII of the Civil Rights Act of 1968, Section 3 of the Housing and Urban Development Act of 1968 ("HUD") and its implementing regulations, and Michigan's Whistleblower Protection Act. The matter is currently before the Court on the City's Motion for Summary Judgment. The parties briefed the issues and the Court heard oral argument on June 2, 2016. For the reasons set forth below, the Court shall GRANT the City's motion as to Plaintiff's Title VII and HUD claims. Having dismissed the only federal claims in this action, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law whistleblower claims and shall dismiss those claims without prejudice.

## BACKGROUND

Acting *pro se*, Plaintiff Shirley A. Scott ("Plaintiff" or "Scott") filed this action on March 12, 2015. Plaintiff applied for, and was granted, permission to proceed *in forma pauperis*.

1

Plaintiff's original complaint (*see* Docket Entry No. 1) was eleven pages long and included a claim for intentional infliction of emotional distress.

On July 13, 2015, Plaintiff filed an Amended Complaint, along with a motion seeking leave to file that Amended Complaint. (Docket Entry Nos. 6 & 7). This Court granted her motion for leave to file the Amended Complaint, via text-only order on August 12, 2015. Accordingly, Plaintiff's July 13, 2015 Amended Complaint superceded and replaced her original complaint.

Plaintiff's Amended Complaint is only three and a half pages long. Although Plaintiff's Amended Complaint lists "City of Detroit *et al*," as the Defendant in the caption, the City of Detroit is the only Defendant named and identified in the body of her Amended Complaint.[1]

Plaintiff alleges that she is a "Black/African American Female, 50 years of age." (Pl.'s Am. Complaint at ¶ 1). Plaintiff alleges that "on December 19th and 20th of 2014, Plaintiff applied for three HUD-funded contractual positions – Compliance Associate and Grants Specialist I and II positions with the City of Detroit Office of Grants Management." (*Id*. at ¶ 5). Plaintiff alleges that agents of the City denied her employment request to be rehired or reinstated. (*Id*. at ¶ 6). Plaintiff alleges that an agent of the City "informed Plaintiff on March 3, 2015, that Plaintiff could not be rehired and that Plaintiff would have to apply for employment opportunities on the Defendant's website, and not Indeed.com." (*Id*. at ¶ 7). Plaintiff alleges that the "City of Detroit Office of Grants Management had excluded or limited Plaintiff's employment applications in violation of [42 USC 2000 E-2)A)(2)] 2, and [42 USC 2000E-2(C)(1)](1) *Griggs v. Duke Power Co., 401 U.S. 424 (1971)*." (*Id*. at ¶ 8). Plaintiff also alleges

---

[1] And the docket reflects that the City was the only defendant served.

that "it is violation of the State of Michigan's Whistleblower Protection Act 469 of 1980 to deny Plaintiff to be rehired for a HUD-funded contractual position, and Plaintiff could file a Section 3 Complaint against the agents of the Defendant based on Plaintiff's low-income status." (*Id*. at ¶ 9). Plaintiff's Amended Complaint seeks the following relief:

> WHEREFORE, Plaintiff demands:
>
> a) A three (3) year HUD-funded contract in the amount of $100,000 annually
>
> b) Permanent injunction against the Defendant's from performing certain acts in the future – layoff, suspension, and termination of HUD-funded contractual position; and
>
> c) Any further relief which the Court may deem appropriate.

(Am. Compl. at 4).

On August 18, 2015, this Court issued the Scheduling Order in this action. (Docket Entry No. 11). Plaintiff's Response to Defendant's Motion for Summary Judgment states that "Plaintiff did not participate in the discovery process" because Plaintiff was diagnosed with diabetes. (Pl.'s Br. at 12). It appears that while the City deposed Plaintiff, Plaintiff did not seek any discovery from the City.

In any event, on January 25, 2016, the City filed a Motion for Summary Judgment. This Court's practice guidelines, which are expressly included in the Scheduling Order issued in this case, provide, consistent with Fed. R. Civ. P. 56 (c) and (e), that:

> a. The moving party's papers shall include a separate document entitled Statement of Material Facts Not in Dispute. The statement shall list in separately numbered paragraphs concise statements of each undisputed material fact, supported by appropriate citations to the record. . .
>
> b. In response, the opposing party shall file a separate document entitled Counter-Statement of Disputed Facts. The counter-statement shall list in

> separately numbered paragraphs following the order or the movant's statement, whether each of the facts asserted by the moving party is admitted or denied and shall also be supported by appropriate citations to the record. The Counter-Statement shall also include, in a separate section, a list of each issue of material fact as to which it is contended there is a genuine issue for trial.
>
> c. All material facts as set forth in the Statement of Material Facts Not in Dispute shall be deemed admitted unless controverted in the Counter-Statement of Disputed Facts.

(Docket Entry No. 11 at 2-3).

In compliance with this Court's guidelines, in support of its Motions for Summary Judgment, the City filed a "Statement of Material Facts Not In Dispute" (Docket Entry No. 13) ("Def.'s Stmt.). In response to that submission, Plaintiff filed a "Counter-Statement of Disputed Facts" (D.E. No. 15) (Pl.'s Stmt.").

The following material facts are gleaned from the evidence submitted by the parties, viewed in the light most favorable to Plaintiff, the non-moving party.

Plaintiff was employed by the City from September 1985 until April 11, 2013, the effective date of her retirement. (Def.'s Stmt. at ¶ 1; Pl.'s Stmt. at ¶ 1).

In December of 2014, over a year after her retirement, Plaintiff submitted her interest in three positions within the Office of Grants Management through a jobs website, Indeed.com. (Def.'s Stmt. at ¶ 4; Pl.'s Stmt. at ¶ 4).

On February 5, 2015, Plaintiff sought either reinstatement or rehire through the Mayor's office, but was informed that she must follow City's protocol in applying for open positions. (Def.'s Stmt. at ¶ 5; Pl.'s Stmt. at ¶ 5; Exs. to Am. Compl., Docket Entry No. 6 at Pg Id 56 & 57).

After Plaintiff filed her original complaint in this action on March 12, 2015, Plaintiff

sought information from the City's Human Resources Director relating to the status of her applications. (Def.'s Stmt. at ¶ 6; Pl.'s Stmt. at ¶ 6). Plaintiff was informed that the recruitment was not handled by the City's Human Resources Department. (Def.'s Stmt. at ¶ 8; Pl.'s Stmt. at ¶ 8; Exs. to Am. Compl., Docket Entry No. 6 at Pg Id 58 & 59). Plaintiff was directed to the Office of Grants Management. *(Id.)*.

Plaintiff made inquiry with the Office of Grants Management on or about May 26, 2015, asking about the status of her applications, and claims that she did not receive a response. (Def.'s Stmt. at ¶ 10; Pl.'s Stmt. at ¶ 10; Exs. to Am. Compl., Docket Entry No. 6 at Pg Id 60).

Plaintiff did not receive any of the three positions that she applied for. (Def.'s Stmt. at ¶ 11; Pl.'s Stmt. at ¶ 11).

**STANDARD OF DECISION**

Summary judgment will be granted where there exists no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuine issue of material fact exists where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elect. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

The Court "must view the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the non-moving party." *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002). "The court's duty to view the facts in the light most favorable to the nonmovant does not require or permit the court to accept mere allegations that

are not supported by factual evidence." *Chappell v. City of Cleveland*, 585 F.3d 901, 906 (6th Cir. 2009). "This is so because the nonmovant, in response to a properly made and supported motion for summary judgment, cannot rely merely on allegations but must set out specific facts showing a genuine issue for trial." *Id.*

## ANALYSIS

In its Motion for Summary Judgment, the City challenges all three of the claims asserted in Plaintiff's Amended Complaint.

**I.  Plaintiff's Title VII Claim**

Under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. ("Title VII"), it is an unlawful employment practice for an employer: "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

In her Amended Complaint, Plaintiff alleges that the City "excluded or limited [her] employment applications" in violation of Title VII. (Am. Compl. at ¶ 8). The Amended Complaint also notes that Plaintiff is a black female. (*Id*. at ¶ 1). But her Amended Complaint does not include any factual allegations that support a Title VII claim. Even a *pro se* plaintiff's claim fails where the plaintiff's complaint simply alludes to his or her race or gender and offers no factual allegations to support a bare legal conclusion that race or gender discrimination

6

occurred.  *See, e.g., Alexander v. Rosen*, 804 F.3d 1203, 1208 (6th Cir. 2015).  This Court will dismiss Plaintiff's Title VII claim because her Amended Complaint fails to state a Title VII claim.  This is especially so given that Plaintiff is proceeding *in forma pauperis*, and the applicable statute requires this Court to dismiss this case, at any time, if it fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(b)(2) ("the court shall dismiss the case at any time if the court determines that" the action "fails to state a claim on which relief may be granted.")

Moreover, in seeking summary judgment, the City focuses on Plaintiff's deposition testimony as to her Title VII claim, and challenges her ability to proceed with such a claim because there is no genuine issue of material fact for trial.  (*See* Def.'s Br. at 14-15).

Although no such allegation is included in her Amended Complaint, Plaintiff believes that because of her sex (female),[2] she did not get the cooperation that she should have gotten from executive level leaders of the City when she was submitting applications for jobs.  (Pl.'s Dep. at 31; Pl.'s Br. at 16-17).  In particular, she asserts that executives did not meet with her about her application.  Plaintiff appears to assert that she was treated differently from a male who applied for a Section 3 Coordinator position.  But Plaintiff then testified during her deposition that was a position with the State of Michigan – not the City of Detroit.  (Pl.'s Dep. at 31-32).  Accordingly, such alleged differential treatment by the State cannot support a claim against the City.

---

[2]During her deposition, Plaintiff also discussed that she has, at various times, asserted age discrimination and retaliation claims against the City.  But no age discrimination or retaliation claims were included in her Amended Complaint.  And although Plaintiff's Amended Complaint makes note of Plaintiff's race, Plaintiff's brief does not indicate that Plaintiff believes she was discriminated against on the basis of her race.

Although no such allegation is included in her Amended Complaint, Plaintiff also testified that she believes that her applications for jobs were somehow segregated from other persons who applied for those positions. (Pl.'s Dep. at 38-39). Plaintiff testified that she believes that occurred simply because Mayor Bing's office had provided an acknowledgment of a job application Plaintiff submitted at some point in the past and "[t]his Office of Grants Management never acknowledged receipt" of her job applications for the positions she applied for with that office. (*Id*.). In her brief, Plaintiff asserts that her application must have been segregated because Plaintiff was not given an interview and because the Mayor did not respond to her letters. (Pl.'s Br. at 16).

The Court agrees with Defendant that Plaintiff has not established that a genuine issue of material fact exists as to her claim that the City violated Title VII by not hiring her.

**II.     Plaintiff's Claim Based Upon HUD Regulation**

24 C.F.R. § 135.1 provides that "[t]he purpose of section 3 of the Housing and Urban Development Act of 1968 (12 U.S.C. 1701u) (section 3) is to ensure that employment and other economic opportunities generated by certain HUD financial assistance shall, *to the greatest extent feasible*, and consistent with existing Federal, State and local laws and regulations, be directed to low- and very low-income persons, particularly those who are recipients of government assistance for housing, and to business concerns which provide economic opportunities to low- and very low-income persons. 24 C.F.R. § 135.1(a) (emphasis added).

During her deposition, Plaintiff testified as to the nature of her claim based upon that regulation:

> Q.    We are not talking about the HUD claim that you filed previously?
> A.    Yes.

> Q. We are talking about the current one. What is the basis for your claim?
> A. My income level, I am low-income now. Currently, I am a low-income Section 3 resident and I am in need of an economic opportunity, a job. With the federal grants, I have the skill sets and the experience to work in the Compliance Unit.
> . . . .
> Q. So the City being a recipient of the Section 3 funding –
> A. Yes.
> Q. Has certain responsibilities?
> A. Yes.
> Q. And you're saying that mandates us to hire you?
> A. Yes.

(Pl.'s Dep. at 44-45).

In its motion, the City asks the Court to dismiss this claim with prejudice because Section 3 of the HUD Act, and its implementing regulations, does not confer a private right of action. The City directs the Court to a case that is directly on point, *Marcel v. Donovan*, 2012 WL 868977 (E.D. N.Y. 2012). The plaintiff in that case alleged that he was entitled to preferential employment under Section 3 of the HUD Act. The defendant filed a motion to dismiss, asserting that there is no private right of action under Section 3 of the HUD Act. The district court engaged in a thorough analysis of that issue, and agreed with all the other federal courts that have addressed the issue, in concluding that there is no private right of action:

> Our sister courts have addressed the same argument plaintiff advances in the case at bar—that Section 3 of the HUD Act creates a private right of action—and all have found no such private right of action. *See, e.g., Williams v. U.S. Dep't of Hous. and Urban Dev.*, 2006 WL 2546536, at *2–10 (E.D.N.Y. Sept.1, 2006); *Price v. Housing Auth. Of New Orleans*, 2010 WL 1930076, at *4 (E.D.La. May 10, 2010); *Pleasant v. Zais*, 2008 WL 4621761, at *4 (E.D.Wa. Oct.17, 2008); *Nails Construction Co. v. City of St. Paul*, 2007 WL 423187, at *5 (D.Minn. Feb.6, 2007). This Court joins those courts in so holding. As one court aptly noted, "it is [ ] axiomatic that 'the plaintiff must demonstrate that' the statute creates an individual right," Williams, 2006 WL 2546536, at *8–9 (quoting *City of Rancho Palos Verdes v. Abramson*, 544 U.S. 113, 120, 125 S.Ct. 1453, 161 L.Ed.2d 316 (2005)) (emphasis in original), further finding that plaintiff had "failed to provide ... any persuasive authority indicating that [Section 3] confers

> an individual right to sue for hiring preference." *Id*. Here too, plaintiff has failed to meet his burden in this regard. Moreover, this court joins those that have plainly held that no such right of action may be read in to Section 3. *See, e.g., Pleasant*, 2008 WL 4621761 at *4; *Nails Construction Co.*, 2007 WL 423187 at *5.
>
> Also compelling is the fact that HUD has enacted federal regulations providing for administrative, not private enforcement of Section 3. See 24 C.F.R. 135.76(a)(1). HUD's regulations require that any person who seeks to complain of noncompliance with Section 3 must file an administrative complaint, in writing with HUD. See 24 C.F.R. 135.76(c), (d). Plaintiff has failed to make any such filing.

*Marcel, supra*, at * 5.

This Court shall dismiss Plaintiff's HUD claim because Section 3 of the HUD Act, and its implementing regulations, does not confer a private right of action. *Marcel, supra*; *see also Price v. Housing Auth. of New Orleans*, 453 F. App'x 446, 449-50 (5th Cir. 2011)(affirming district court's grant of summary judgment as to the plaintiff's claim, based on 24 C.F.R. § 135.1, that defendants failed to give him employment opportunities); *Bardney v. Chicago Housing Auth.*, 2013 WL 1278526 (N.D. Ill. 2013)(dismissing claim that defendants failed to provide priority employment opportunities for plaintiffs because there is no private right of action under the HUD Act); *Watkins v. Chicago Housing Auth.*, 527 F. App'x 505, 507 (7th Cir. 2013) (Noting that the Seventh Circuit has not found a private right of action to exist under Section 3 of the HUD Act and collecting cases wherein other courts have found no such right to exist).

### III.     Plaintiff's Claim Under Michigan's Whistleblower Protection Act

Given the above rulings, this Court is dismissing the only federal claims asserted in this action, which are the basis for this Court exercising jurisdiction over this action.

This Court must therefore consider whether it should exercise supplemental jurisdiction over Plaintiff's remaining state-law claim, her claim under Michigan's Whistleblower Protection Act.

The applicable statute regarding supplemental jurisdiction, 28 U.S.C. § 1367, provides, in pertinent part, that district courts may decline to exercise supplemental jurisdiction over a claim when:

> 1) the claim raises a novel or complex issue of State law;
> 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
> 3) the district court has dismissed all claims over which it has original jurisdiction, or
> 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The Sixth Circuit has stated that a federal court that has disposed of a plaintiff's federal-law claims "should not ordinarily reach the plaintiff's state-law claims." *Moon v. Harrison Piping Supply, et al.*, 465 F.3d 719 (6th Cir.2006). "Residual jurisdiction should be exercised only in cases where the 'interests of judicial economy and the avoidance of multiplicity of litigation' outweigh" concerns "over needlessly deciding state law issues.' " *Id.* (quoting *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir.1993)).

Under the circumstances presented here, this Court does not believe that this is an exceptional case where the Court should go on to rule upon a state-law claim after dismissing all federal claims. This Court declines to exercise supplemental jurisdiction and shall dismiss this Count without prejudice.

**IV.  Plaintiff's Former Claim For Intentional Infliction Of Emotional Distress**

Plaintiff's original complaint included a state-law claim for intentional infliction of emotional distress. (Docket Entry No. 1 at Pg ID 3). On July 13, 2015, however, Plaintiff filed an Amended Complaint, along with a motion seeking leave to file that Amended Complaint. (Docket Entry Nos. 6 & 7). This Court granted her motion for leave to file the Amended Complaint. Accordingly, Plaintiff's July 13, 2015 Amended Complaint superceded and replaced her original complaint. *See, e.g. Drake v. City of Detroit*, 266 F. App'x 444,448 (6th Cir. 2008) ("an amended complaint supercedes all prior complaints"). Plaintiff's Amended Complaint ***does not*** include a claim for intentional infliction of emotional distress.

Nevertheless, in responding to the City's motion, Plaintiff appears to believe that she still has a claim for intentional infliction of emotional distress in this action. (*See* Pl.'s Br. at 20-22).

Plaintiff is mistaken. Plaintiff dropped her claim for intentional infliction of emotional distress claim when she filed her Amended Complaint.[3]

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion is GRANTED to the extent that the Court DISMISSES WITH PREJUDICE Plaintiff's federal claims (her Title VII claims and her HUD claims).

Having dismissed Plaintiff's only federal claims, the Court DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION over Plaintiff's remaining state-law claims (the

---

[3]Moreover, even if that was not the case, this Court would not exercise supplemental jurisdiction over that state-law claim having dismissed Plaintiff's federal claims.

whistleblower claims) and therefore DISMISSES those claims without prejudice.

    IT IS SO ORDERED.

                                      S/Sean F. Cox
                                      Sean F. Cox
                                      United States District Judge

Dated: June 14, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 14, 2016, by electronic and/or ordinary mail.

                                      S/Keisha Jackson
                                      Case Manager